James X. Bormes (*pro hac vice* admission pending)
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS**

Thomas M. Ryan (*pro hac vice* admission pending)
LAW OFFICE OF THOMAS M. RYAN, P.C.
Illinois State Bar No. 6273422
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400
Tom@tomryanlaw.com
Attorney for Plaintiff

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendra Brackens and Roquel Davidson, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>First American Home Warranty, Corp.,<br><br>Defendant. | No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiffs, Kendra Brackens and Roquel Davidson, individually and on behalf of all other persons similarly situated, known and unknown, through their attorneys, complain against Defendant First American Home Warranty, Corp. ("First American"), as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), based on Defendant's failure to pay Plaintiffs and other similarly situated persons all overtime pay for all time worked in excess of forty (40) hours per week.

2. Defendant employs the telephone-based workers who are the putative collective members in this lawsuit.

3. Defendant knowingly required and/or permitted Plaintiffs, who worked as telephone-dedicated employees in the position of Customer Service Representative. and other similarly situated telephone-dedicated employees to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls.

4. In addition, Defendant was aware that Plaintiffs and those similarly situated to them also performed work for Defendant on their break periods, including meal breaks, for which they were not paid. The work that Plaintiffs and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

5. The amount of uncompensated time Plaintiffs and those similarly situated to them spend or have spent on these required and unpaid work activities averages approximately ten minutes or more per day per person.

6. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7. Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated employees who worked for Defendant throughout the country at call centers owned by First American.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

## THE PARTIES

10. Plaintiff Kendra Brackens is an individual who Defendant employed from approximately May 2017 to approximately August 2017 as an hourly, non-exempt Customer Service Representative who was placed to work in a call center y First American operated located at 2411 West Rose Garden Lane in Phoenix, Arizona. Plaintiff Brackens resided in this judicial district when she worked for Defendant.

11. Plaintiff Roquel Davidson is an individual who Defendant employed from approximately June 2017 to approximately September 2017 as an hourly, non-exempt Customer Service Representative who was placed to work in a call center First American operated located at 2411 West Rose Garden Lane in Phoenix, Arizona. Plaintiff Davidson resided in this judicial district when she worked for Defendant.

12. Defendant First American Home Warranty, Corp. business involves selling residential service contracts that cover residential systems, such as heating and air conditioning systems, and certain appliances. Fees for the warranties generally are paid at the closing of the home purchase or directly by the consumer. Defendant currently operates its warranty business in 39 states and the District of Columbia. First American operates telephone call centers in Phoenix, Arizona and Santa Rosa, California, and, upon

information and belief, elsewhere, where telephone-dedicated hourly employees handle phone calls regarding its home warranty products.

13. Defendant employed Plaintiffs and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

16. At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly situated persons, as that term is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all material times, Plaintiffs and putative FLSA Collective Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18. Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

## FACTUAL ALLEGATIONS

*A.   Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

19. Defendant operates and has operated "call centers" in Arizona and California and, possibly elsewhere, where telephone-dedicated employees similar to Plaintiffs handle phone calls regarding Defendant's home warranty products offered to its customers.

4

20. Defendant does not allow telephone-based employees to use its phones and computers for any personal use. Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendant's policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

21. At the call center where Plaintiffs worked, Defendant's managers on the call center floor could and did regularly see with their own eyes that Plaintiffs and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

22. Despite seeing and knowing that Plaintiffs and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift time start, Defendant and its managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

23. Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiffs and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

24. By possessing, controlling and/or accessing this information, Defendant knew that Plaintiffs and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

25. Despite having this information and knowing that Plaintiffs and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

26. Defendant knowingly required and/or permitted Plaintiffs and those similarly situated to them to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

27. In addition, by having managers on the call center floor and having access to the electronic data, among other things, Defendant was aware that Plaintiffs and those similarly situated to them also performed work for Defendant on their break periods, for which they were not paid. The work that Plaintiffs and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

28. The amount of uncompensated time Plaintiffs and those similarly situated to them spend or have spent on these required and unpaid work activities averages approximately ten minutes or more per day per person.

29. Defendant monitored and directed the work activities of Plaintiffs and other similarly situated persons, including the unpaid work at issue.

**B.**  ***Defendant Knew of and Assented to the Pre-Shift Work***

30. Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones by the employee's scheduled start time.

31. In order to be logged into Defendant's telephone systems, Defendant required and/or permitted Plaintiffs and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

32. Defendant's policy and practice disciplines telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

33. This policy and practice of Defendant results in telephone-based employees, including the Plaintiffs, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time.

34. As set forth herein, via their policies and practices and through their own telephone and computer systems, Defendants knew and were aware that the telephone-based employees performed work prior to the start of their scheduled shift.

35. Defendant did not instruct Plaintiffs and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiffs and the putative collective members to work prior to their scheduled shift time.

36. By knowing of, permitting and/or requiring Plaintiffs and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

C. *Defendant's Failure to Pay Overtime Wages to Its Telephone-Based Hourly Employees*

37. Defendant determined the rate of pay for Plaintiffs other similarly situated persons.

38. Plaintiffs and other similarly situated persons submitted their timesheets to Defendant's managers for review and prior to receiving their paychecks. These timesheets were reviewed and approved by employees of Defendant.

39. Defendant supervised and controlled the work schedule of Plaintiffs and other similarly situated persons.

40. Defendant issued paychecks to Plaintiffs other similarly situated persons, and was involved in determining the actual amount of compensation paid by the paycheck.

41. Plaintiffs and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service, sales, and similar positions at Defendant's call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

42. Plaintiffs and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to handling phone calls regarding Defendant's home warranty products offered to its customers while working in Defendant's call centers. Plaintiffs and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

43. The same trainers provided the same training to Defendant's telephone dedicated employees in Arizona and California. The uniformity of operations of Defendant's Arizona and California call centers allowed telephone dedicated employees and their supervisors to transfer from one location to the other.

44. Plaintiffs and the other employees are also similar because Defendant did not pay them for all time they actually worked. Defendant knowingly required Plaintiffs and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls. Additionally, Defendant was aware that Plaintiffs and those similarly situated to them also performed work for Defendant on their break periods, for which they were not paid.

45. The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay overtime compensation to Plaintiffs and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

46. Plaintiffs and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

47. Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiffs and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206.

48. Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiffs and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207.

49. Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable overtime wage has caused Plaintiffs and other similarly situated non-exempt call center employees to suffer harm.

50. Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring Count I of this Complaint as a collective action on behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay at any time during the three years prior to the commencement of the action to present at call centers owned by Defendant.

52. Plaintiffs have actual knowledge that FLSA Collective Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiffs worked with other telephone dedicated employees who worked at the Defendant's call center. As such, they have first-hand personal knowledge that the same pay violations occurred to other collective members. Furthermore, other telephone dedicated employees at Defendant's call centers have shared with them similar pay violation experiences as those described in this complaint.

53. Other employees similarly situated to Plaintiffs work or have worked at Defendant's call centers, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

54. Although Defendant permitted and/or required the FLSA Collective Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

55. FLSA Collective Members perform or have performed the same or similar work as Plaintiffs.

56. FLSA Collective Members regularly work or have worked in excess of forty hours during a workweek.

57. FLSA Collective Members are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

58. As such, FLSA Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of overtime wages.

59. Defendant's failure to pay overtime compensation wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

60. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Collective Members.

61. The specific job titles or precise job responsibilities of each FLSA Collective Member do not prevent collective treatment.

62. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

63. Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus

of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Collective Members.

64. As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following collective, and Plaintiffs' Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis at Defendant's call centers at any time between November 27, 2015 and the present who did not receive the full amount of overtime wages earned and owed to them.

65. There are questions of law or fact common to the employees described in paragraph 64.

66. Plaintiffs are similarly situated to the employees described in paragraph 64, as Plaintiffs' claims are typical of the claims of those persons.

67. Plaintiffs' claims or defenses are typical of the claims or defenses of the persons described in paragraph 64.

68. This is not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately protect the interests of the persons described in paragraph 64.

69. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

70. At all relevant times, Defendant employed Plaintiffs and the persons described in paragraph 64.

71. At all relevant times, Defendant paid Plaintiffs and the persons described in paragraph 64 to work.

72. At all relevant times, Defendant has been an "employer" of Plaintiffs and the persons described in paragraph 64, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

73. At all relevant times, Plaintiffs and the persons described in paragraph 64 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## **COUNT I – FLSA**

### **(Failure to Pay Overtime Wages)**

74. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 73 as paragraph 74 of this Count I.

75. Plaintiffs, individually and on behalf and the members of the collective described in paragraph 64, assert claims for unpaid overtime pursuant to the FLSA.

76. At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

77. At any and all times relevant hereto, Defendant was an "employer" of the Plaintiffs and the members of the collective described in paragraph 64 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

78. At any and all times relevant hereto, Plaintiffs and the members of the collective described in paragraph 64 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

79. Plaintiffs and the members of the collective described in paragraph 64 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

80. At all times relevant hereto, Defendant's failure to pay Plaintiffs and the members of the collective described in paragraph 64 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a. Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

    b. Defendant failed to maintain true and accurate time records; and

      c.     Defendant encouraged Plaintiffs and other similarly situated employees to not record all time worked.

81. As a direct and proximate result thereof, Plaintiffs and the members of the collective described in paragraph 64 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

## **DAMAGES SOUGHT**

82. Plaintiffs and the FLSA Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated overtime wage rate.

83. Plaintiffs and the FLSA Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

84. Plaintiffs and FLSA Collective Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Conditionally certify the collective described in paragraph 64, and grant Plaintiffs' counsel leave to send notice of this lawsuit to the members of the collective and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216;

B. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA for Plaintiffs and all persons who opt-in as party plaintiffs; and

    ii. Willfully violated provisions of the FLSA for Plaintiffs and all persons who opt-in as party plaintiffs.

C.  Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

D.  Award liquidated damages on all wages and overtime compensation due to Plaintiffs and all persons who opt-in as party plaintiffs;

E.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

F.  Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

G.  Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

H.  Grant such further relief as the Court deems just and equitable.

DATED this 28th day of November 2018

**LAW OFFICE OF JAMES X. BORMES, P.C.**

 s/ James X. Bormes
(*pro hac vice* admission pending)
James X. Bormes
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com


Thomas M. Ryan
(*pro hac vice* admission pending)
LAW OFFICE OF THOMAS M. RYAN, P.C.
Illinois State Bar No. 6273422
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400
tom@tomryanlaw.com

| | |
|---|---|
| 1 | |
| 2 | LOCAL COUNSEL: |
| | Michelle R. Matheson #019568 |
| 3 | MATHESON & MATHESON, P.L.C. |
| | 15300 North 90th Street |
| 4 | Suite 550 |
| | Scottsdale, Arizona 85260 |
| 5 | (480) 889-8951 |
| | mmatheson@mathesonlegal.com |
| | Attorney for Plaintiffs |

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiffs

15